EDWARD D. TAYLOR, impleaded, &c., plaintiff in error, v. THE PEOPLE OF THE STATE OF ILLINOIS, defendant in error.

*Error to La Salle.*

The twenty, fifth section of the "*Act concerning the Public Revenue*," approved February 26, 1839, does not require the collector of taxes to state in his return that he is unable to collect the taxes by the seizure and sale of the personal property of the proprietor of the land. This is taken for granted where the report is in the proper form. The collector is presumed to have done his duty.

THE record in this case shows, that on the 29th day of March, 1844, the collector of La Salle county returned to the Circuit Court of said county, certain lands and lots, as having been assessed for taxes, for the year 1843, and on which the taxes remained due and unpaid, which included the several lots in Adams' addition to La Salle, in the following form:

"Adams' addition to La Salle."

| Lot. | Block. | Valuation. | Taxes. | |
|------|--------|------------|--------|------|
|      |        |            | Cents. | Mills. |
| 1    | 1      | $4         | 2      | 8    |

The report embraces, in addition to the lands and lots, the notice of the intended application to the Court for judgment against the same for the said taxes, interest and cost thereon, and for an order to sell the same. Also, the certificate of the proprietors of the paper in which the notice was published, of its due publication and no more.

At the March term of said Court, 1844, the Hon. John D. Caton presiding, the plaintiff in error appeared and objected to judgment against the several lots in said town. It appeared that the plaintiff was the owner of the said lots. At the hearing, the Court overruled the objection of the plaintiff, and rendered judgment against the said lots, and made an order for the sale of the same, to which decision of the Court in overruling the objections of the plaintiff, the said plaintiff excepted separately to the decision of the Court upon each of the objections.

The case is brought into this Court by writ of error, and the following are the errors assigned:

1.   It does not appear that the said Court had jurisdiction of the subject matter, there not being any return or report of the assessor before the Court;

2.   Because the paper which purports to be a report of the collector, is insufficient in this, that it does not appear that the owner or owners of said town lots in the "Adams' addition to La Salle" had no goods or chattels within the county of the said collector, (the county of La Salle,) on which the said collector could levy for the taxes, interest and cost, alleged to be due and unpaid on the said town lots;

3.   Because it does not appear that due notice had been given of said intended application for judgment against the said lots in said "Adams' addition to La Salle;" and

4.   Because the said report, or return of the said collector is insufficient in not being in conformity with the requisitions of the statute.

*S. T. Logan,* for the plaintiff in error.

The point which I insist on in this case is, that the collector did not return " that the respective owners have no goods and chattels within the county on which said collector could levy for the taxes, interest and costs," as is required by the 25th section of the Revenue Law.   See Revenue Law of 1838–9, § 25.

His return, as will be seen, states no such fact, although it is recited to do so in the judgment of the Court.

*J. A. McDougall,* Attorney General, for the defendant in error.

The Court will perceive that the Revenue Law of 1838–9, which is the one under which this proceeding was had, provides a form for a return, and the facts to be returned.   It does not require the return to state, that the owners have no goods and chattels, &c.   The return made is substantially as required by statute.

The Opinion of the Court was delivered by

TREAT, J.   In March, 1844, the collector of La Salle county reported to the Circuit Court a list of land and town lots, on which the taxes were due and unpaid for the year 1843.   E. D. Taylor, the proprietor of numerous lots in Adams' addition to the town of La Salle, appeared and objected to the sale of the same, on the ground that the collector did not state in his report that the owner had no goods and chattels within the county, on which he could levy for the payment of the taxes.   The Court overruled the objection, and entered judgment on the collector's return.   Taylor excepted to the decision, and now assigns it for error.   The seventeenth section of the "*Act concerning the Public Revenue*," approved February 26th, 1839, requires the collector to collect the taxes assessed on real estate by the seizure and sale of the personal property of the owner, and by the 25th section, if the taxes cannot be collected in this manner, he is required to return the delinquent list to the Circuit Court for judgment.   The form of the judgment prescribed in the twenty ninth section recites, that the return of the collector shows that the owners have no goods and chattels within the county, on which he can levy for the taxes.   The precise form of the return is given in the twenty fifth section, and by it the collector is not required to state that he is unable to collect the taxes by the seizure and sale of the personal property of the proprietor.   This is taken for granted where the report is made in proper form.   The collector is presumed to have performed his duty.   The return in the present case was a substantial compliance with the statute, and there was no error in the decision complained of.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*